T.C. Memo. 1997-303


UNITED STATES TAX COURT


GERRY DAN AND KELLY M. LANGSTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22262-96.                    Filed July 1, 1997.

James D. Williams, for petitioners.

Ann L. Darnold, for respondent.


MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed.  Petitioners, through counsel, filed a notice of objection.  The motion was assigned for hearing

pursuant to section 7443A(b)(4)[1] and Rules 180, 181, and 183. The motion was calendared for hearing and was heard.

Respondent determined against petitioners the following deficiencies in Federal income taxes, additions to tax, and penalties for the years indicated:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|-----------------------------------|----------------------|
| 1993 | $7,977 | $1,995 | $ 963 |
| 1994 | 5,251 | 263 | 1,050 |

At the time the petition was filed, petitioners' legal residence was Tulsa, Oklahoma.

Respondent mailed the notice of deficiency by certified mail, on June 14, 1996, to petitioners' last known address. The period for timely filing the petition in this Court, pursuant to section 6213(a), ended Thursday, September 12, 1996, which date was not a legal holiday in the District of Columbia. The petition was filed with this Court on October 16, 1996, which date was 124 days after the mailing of the notice of deficiency.

Respondent contends the petition was not timely filed within the time prescribed by sections 6213(a) and 7502(b) and the

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

regulations thereunder.  Petitioners contend their petition was timely filed, by mail, on September 12, 1996.

A petition for redetermination of a deficiency must generally be filed with this Court within 90 days after the notice of deficiency is mailed to the taxpayer.  Sec. 6213(a).  If a taxpayer fails to file within the statutory period, the petition must be dismissed for lack of jurisdiction.  Sylvan v. Commissioner, 65 T.C. 548, 549-550 (1975).

If a petition is received after the 90-day period, the petition is deemed filed when mailed if the requirements of section 7502 are satisfied.  Stotter v. Commissioner, 69 T.C. 896, 897 (1978).  Under section 7502(a), if the envelope containing the petition bears a postmark made by the U.S. Postal Service (Postal Service), if the date of such postmark falls within the 90-day period, and if the other requirements of section 7502 are satisfied, then the otherwise untimely petition will be deemed timely filed.  Stotter v. Commissioner, supra.  When there is an illegible postmark or the postmark was inadvertently left off, a taxpayer may submit evidence to show that, in fact, the petition was timely mailed.  Sylvan v. Commissioner, supra at 553.  To obtain the benefits of section 7502, a taxpayer has the burden of proof to establish timely mailing.  Sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs.; Mason v. Commissioner, 68 T.C. 354, 356-357 (1977).

The petition in this case was mailed to this Court by ordinary mail, first class, but the parcel was neither certified nor registered. The mailing cover or envelope was properly addressed to the Court and bears a postmark by the Postal Service that is not legible. The envelope, however, bears two rubber-stamped notations that state: "Found in supposedly empty equipment." At the hearing on the motion, an employee of the Postal Service acknowledged that the two rubber-stamped notations were those of the Postal Service, and the message on these notations could account for the delay in the delivery of the petition to the Tax Court. Based on this testimony, the Court concludes that the delay in delivery of the petition to this Court was due to a delay in the transmission of the mail, and that the cause of such delay was the Postal Service. In the absence of the envelope's having been misplaced or left in the empty equipment of the Postal Service, the Court is satisfied that the petition would have been delivered to the Court in the normal period of time for a parcel mailed from Tulsa, Oklahoma, to Washington, D.C.

As noted above, in order for petitioners to rely on the timely mailing, timely filing provisions of section 7502(a) where the postmark is illegible, they must prove the date the postmark was made. See Berry v. Commissioner, T.C. Memo. 1994-224.

Petitioners' case is made difficult by the fact that the petition, the accompanying statement designating the place of trial, the attorney's cover letter of transmittal, and the attorney's check for the Court's filing fee all bear dates of September 13, 1996--which is a date 91 days from the date the notice of deficiency was mailed.  Petitioners called one witness at the hearing, a paralegal who was employed by petitioners' attorney, who testified that he prepared the final draft of the petition in the late afternoon on September 12, 1996, and that both he and petitioners' counsel were cognizant that September 12, 1996, was the 90th day from the date the notice of deficiency was mailed, and that the petition had to be mailed on that date.  He testified further that he inadvertently typed the date of September 13 because, in preparing legal documents in the late afternoon, he customarily dated such documents the succeeding day.  Petitioners' counsel, who was present at the hearing, represented to the Court that he was likewise aware that the petition had to be mailed on September 12, and that he personally hand delivered the petition, addressed to this Court, to the Tulsa, Oklahoma, post office on September 12, 1996, shortly before 7 p.m.  He rang the bell at the post office and handed the envelope containing the petition to a postal clerk, specifically requesting that the parcel be postmarked that date.

The postal clerk responded that the parcel would be postmarked as requested.

The Court is satisfied that the testimony of petitioners' witness and the representations of their attorney are credible, and that the petition was mailed by counsel for petitioners on September 12, 1996. Counsel for respondent, at the hearing, agreed that "Petitioner has provided sufficient, credible evidence that the petition was mailed on September 12th". The Court holds, therefore, that petitioners have sustained their burden of proving that their petition was timely mailed. Respondent's motion, therefore, will be denied.

An appropriate order

will be issued.